UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ARBOR HILL CONCERNED CITIZENS
NEIGHBORHOOD ASSOCIATION,
ALBANY COUNTY BRANCH OF THE NATIONAL
ASSOCIATION FOR THE ADVANCEMENT OF
COLORED PEOPLE, AARON MAIR; MARYAM                              1:03-CV-502 (NAM)
MAIR; and MILDRED CHANG,

                                        Plaintiffs,

            v.

COUNTY OF ALBANY and ALBANY COUNTY
BOARD OF ELECTIONS,

                                        Defendants.
_____

**APPEARANCES:**                               **OF COUNSEL:**

DerOHANNESIAN & DerOHANNESIAN          PAUL DEROHANNESIAN II, ESQ.
*Counsel for Plaintiffs*
39 Pearl Street, 1st Floor
Albany, New York  12207

LAWYERS' COMMITTEE FOR CIVIL
 RIGHTS UNDER LAW                      CARA FINEMAN, ESQ.
*Counsel for Plaintiffs*
1401 New York Avenue, N.W.
Suite 400
Washington, D.C.  20005

GIBSON DUNN & KRUTCHER                 MITCHELL KARLAN, ESQ.
*Counsel for Plaintiffs*
200 Park Avenue, 47th Floor
New York, New York 10166

LYNCH, LYNCH LAW FIRM                       MICHAEL C. LYNCH, ESQ.
*Counsel for Defendants*
48 Columbia Street
Albany, NY 12207

OFFICE OF THOMAS MARCELLE             THOMAS MARCELLE, ESQ.
*Counsel for the Albany County Republican*
 *Committee and the Republican Caucus of the*
 *Albany County Legislature*
2 E-Comm Square
3rd Floor
Albany, NY 12207

NORMAN A. MORDUE, District Judge

### MEMORANDUM-DECISION AND ORDER

## I.     INTRODUCTION

The facts of this case are well known to the parties. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 281 F. Supp.2d 436 (N.D.N.Y. 2003); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 289 F. Supp.2d 269 (N.D.N.Y. 2003); and *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 357 F.3d 260 (2d Cir. 2004).  Plaintiffs commenced this action on April 22, 2003, alleging that a legislative redistricting plan adopted by defendant Albany County following the 2000 Census violated § 2 of the Voting Rights Act of 1965, ("VRA") as amended, 42 U.S.C. § 1973.   In short, plaintiffs asserted that while census data obtained in 2000 showed a decrease in the overall population of the City of Albany, it showed a marked increase in the percentage of minorities residing there.  However, the legislative redistricting plan adopted by Albany County did not increase the number of majority-minority districts in the County consistent with census data.  In some cases, the plan stretched the boundaries of majority-minority urban districts into majority-white districts, thus potentially diluting minority votes and decreasing the likelihood of successful minority candidates in these districts.

In August 2003, this Court issued a Memorandum- Decision and Order which adopted a Report-Recommendation by Magistrate David R. Homer granting plaintiffs' motion for a preliminary injunction enjoining defendants from conducting elections for the Albany County Legislature until a new redistricting plan was adopted.  As part of the same order, this Court declined to order a special election to occur in lieu of the November 2003 election for Albany County Legislators which was enjoined by the Court.  Plaintiffs appealed to the Second Circuit and were successful in obtaining a reversal of the Court's order concerning scheduling of a special election.  Thereafter, this Court adopted a second Report-Recommendation prepared by the Magistrate Judge in October 2003, which recommended that the County's proposed remedial redistricting plan be approved and that requests by the parties for directives from the Court for conducting 2003 legislative seat elections be denied.  A special primary election and special

2

general election for Albany County Legislators occurred in the spring of 2004 under the new

redistricting plan which included a fourth majority-minority district consistent with 2000 census

data.  However, plaintiffs were still dissatisfied with the boundaries delineating the voting

districts within the plan and continued pursuing discovery on the merits of their VRA claims.

The parties resolved all remaining issues in this case by way of a consent decree approved by the

Court in August 2004.

Thereafter, plaintiffs promptly filed a motion for an award of attorneys fees pursuant to 42

U.S.C. § 1973l(e).  In papers filed in support of the motion, plaintiffs' counsel argued entitlement

to an award of fees and costs totaling $483,948.64 for work completed by three law firms in both

this Court and the Second Circuit.  Prior to the filing date of said motion, the Second Circuit had

issued a decision concerning plaintiffs' application for attorneys fees previously filed in

connection with the above-referenced appeal to that court regarding the special election issue.

*See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91 (2d

Cir. 2004).  There, the court granted plaintiffs motion for attorneys fees "in principle" but

referred the matter to this Court for proceedings to determine the amount of reasonable fee to be

awarded for the appeal.  The Circuit, however, clearly stated that said determination by the

district court should be "consistent" with its expressed views concerning the reasonableness of

plaintiffs' requested fees and expenses.

The principle contention of plaintiffs' counsel in support of both fee awards is that one of

the firms representing plaintiffs herein, the Manhattan-based Gibson Dunn & Crutcher, L.L.P.,

("GD & C") should be compensated at the per hour rate for legal work prevailing in the Southern

District of New York rather than the Northern District where the case has been venued.  Though

it is well-settled that the relevant community for calculation of the compensation or "lodestar"

rate for attorneys is the forum district, the Second Circuit noted that rare exceptions to this rule

arise where the "special expertise" of non-local counsel is essential to the case, or it is clearly

shown that local counsel was unwilling to take the case or other special circumstances exist.  369

F.3d at 97 (citing *In re "Agent Orange" Product Liability Litigation*, 818 F.2d 226, 232 (2d Cir.

1987)).  The Second Circuit expressed serious doubts regarding the merits of plaintiff's

contentions concerning the rate to be applied to GD & C's services herein:

> The present action concerns elections only for the Albany County
> Legislature; all phases of the trial-level litigation were conducted
> within the Northern District; and no special circumstances have been
> called to our attention.  Plaintiffs have not shown either that the case
> required special expertise beyond the competence of Northern District
> law firms or that all Northern District law firms having such expertise
> were unable or unwilling to take the case.  Given the absence of such
> evidence, we expect that the district court would view the Northern
> District as the relevant legal community for purposes of calculating
> a reasonable attorney's fee for services rendered in this case in the
> district court. If the Northern District would be the relevant
> community with respect to the calculation of a reasonable attorney's
> fee for representation in the district court, the Northern District is the
> relevant community with respect to the reasonableness of fees for this
> appeal. GD & C has represented plaintiffs at both levels of this
> litigation.  Only if the district court finds that there are exceptional
> circumstances that would justify deviating from the general rule and
> selecting Manhattan as the relevant community for determining the
> reasonable hourly rates for GD & C's representation of plaintiffs in
> the district court should Manhattan rates be used for calculating the
> lodestar with respect to GD & C's fee for this appeal.

*Id.*  Because the Second Circuit had already decided to refer the matter of plaintiffs' attorneys fee

application to this Court, it also asked the Court to "determine whether there are special

circumstances that would justify deviating from the general rule and selecting Manhattan as the

relevant community" for setting the lodestar rate for GD & C's legal work in this case.  *Id.*

Upon review of plaintiffs' fee application, Magistrate Judge Homer declined to accept

plaintiffs' arguments concerning the existence of special circumstances which would justify

compensating GD & C at lodestar rates applicable in the Southern District of New York.  Rather,

the Magistrate Judge recommended that this Court award plaintiffs' counsel fees at a rate 20%

higher than that presently prevailing in the Northern District.  Further, the Magistrate Judge

recommended denying some of the fees and costs requested by plaintiffs as excessive,

unnecessary and/or duplicative.  Plaintiffs filed timely objections to the Report-Recommendation.

Defendants filed no objections.

## II.      DISCUSSION

### A.      Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part

of a magistrate judge's report-recommendation to which a party specifically objects.  However,

"[w]hen parties make only frivolous, conclusive or general objections, the court reviews the

report-recommendation for clear error."  *See Brown v. Peters*, 1997 WL 599355 at *2

(N.D.N.Y.1997) (Pooler, J.) (citing *Camardo v. General Motors Hourly-Rate Employees Pension

Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.1992)); *see also Greene v. WCI Holdings Corp.*, 956

F.Supp. 509, 513 (S.D.N.Y.1997).  Failure to object timely to any portion of a magistrate's

report-recommendation operates as a waiver of further judicial review of those matters.  *See*

*Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Secretary of Health & Human Serv.*,

892 F.2d 15, 16 (2d Cir. 1989).

Having conducted a *de novo* review of the record, the Court agrees with the determination

of the Magistrate Judge that the relevant community for the purpose of setting the lodestar rate

for all attorneys in this case is the Northern District of New York.  Further, the Court concludes

as did the Magistrate Judge that current lodestar rates for attorneys in this District are outdated

and a 20% increase in rates is both reasonable and appropriate.  Finally, this Court agrees with

the conclusion of the Magistrate Judge that some of the fees and expenses claimed by plaintiffs

are excessive, duplicative and/or unnecessary.  The Court addresses these issues *seriatim*.

### B.      Relevant Legal Community for Calculation of Lodestar Rate

Plaintiffs contend that the Magistrate erred when he concluded that the Northern

District of New York was the relevant legal community for setting the lodestar rate for all

attorneys in this case.  Indeed, plaintiffs argue "With no factual support in the record, and citing none, Magistrate Judge Homer found that plaintiffs could have found legal counsel in other parts of the Northern District of New York outside Albany County."  This argument suggests plaintiffs misapprehend their burden of proof herein.  The Magistrate Judge was not duty bound to leave the bench and travel to or make telephone calls to law firms in Syracuse, Binghamton, Utica or Kingston to ascertain if one was capable of managing the duties and obligations assumed by GD & C in this litigation.  Rather, it was plaintiffs obligation to submit factual support for their claim that there were no such firms ready, willing or able to take this case.  Indeed, it was the Second Circuit which suggested that plaintiffs were required to show that this case "required special expertise beyond the competence of **Northern District law firms** or that **all Northern District law firms** having such expertise were unable or unwilling to take the case."  369 F.3d at 96-97 (emphasis added).

On this issue, plaintiffs readily assert their belief that while there were qualified lawyers in Albany County who were willing to accept their case but could not because of actual or perceived conflicts, there are no such available competent lawyers in the Northern District outside of Albany County.  Moreover, plaintiffs contend that even if such qualified law firms existed, it is likely that they "might" also have had conflicts which would have prevented them from accepting the case.  These baseless assumptions on the part of plaintiffs regarding the unavailability of qualified legal counsel in this District outside of Albany County defy all reason and logic and preclude plaintiffs from meeting their burden on this issue.  Importantly, it is undisputed that plaintiffs did not even attempt to contact attorneys or law firms in the Northern District of New York outside of Albany County insofar as obtaining representation in this matter.  Further, plaintiffs' reliance on *Polk v. New York State Dep't of Corr. Servs.,* 722 F.2d 23, 25 (2d Cir. 1983), as an example of a case in which the Second

Circuit approved of using out-of-town rates in a Northern District of New York is misplaced.

To wit, the case clearly involved a suit originally commenced in the Southern District of New

York, the home district of plaintiff's counsel and the district where a related class action

lawsuit in which plaintiff was a member was pending.  The Second Circuit deemed these

"special circumstances" allowing the district judge to award fees to plaintiff's counsel at rates

prevailing in either district.  Clearly, such special circumstances do not exist in this case.

Based upon the record in this case, the Court agrees that Magistrate Judge Homer

correctly concluded that lawyers' fees in this case for work completed in both the district and

appellate courts should be based on rates prevailing in this District.

**C.      Calculation of Hourly Rate**

Although plaintiffs agree with the Magistrate Judge's determination that the lodestar

rate structure which has been used in this district since 1999 is outdated and in need of

updating, they disagree with the approximately 20% increase in rates he deemed appropriate.

In support of their contention that attorneys in this district routinely receive substantially

more compensation per hour than the figure recommended by Magistrate Homer, plaintiffs'

counsel point to instances where they have been paid rates of between $235 and $275 per

hour.  However, it is clear that these rates were paid by private retained clients of plaintiffs'

counsel, and not ordered by courts in this district.  The Court agrees with Magistrate Judge

Homer that an increase in the present lodestar rate structure is appropriate.  Moreover, the

new hourly rates proposed by the Magistrate Judge - $210 for experienced attorneys, $150 for

associates with more than four years experience, $120 for less experienced associates, $80 for

paralegals and the traditional one-half of these rates for time spent traveling - are both

reasonable and comparable to rates in neighboring districts.

**D.      Review of Hours Expended**

As first noted by the Second Circuit, "certain of plaintiffs' attorneys' specific time charges and expenditures are unreasonable." 369 F.3d at 97. Just as it was excessive for plaintiffs to seek compensation for the attendance of five attorneys at the appellate argument before the Circuit, it is excessive for them to seek reimbursement for time expended in this case by eight attorneys and two paralegals. The Court agrees that given the functions performed by lead attorneys, DerOhannesian, Karlan and Fineman, the utilization of more than one additional associate for proceedings in the district court was unnecessary and unreasonable. Moreover, plaintiffs have not demonstrated the need for participation by more than two of the lead attorneys and the lead associate, Mark Bini, in the narrow issues pursued on appeal. Thus, Magistrate Judge Homer properly recommended disallowance of excessive and unnecessary hours claimed by additional associates, paralegals and a law clerk insofar as worked performed in district court proceedings and by Cara Fineman, four additional associates and a paralegal for appellate work.[1]

### III.   CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Report-Recommendation of Magistrate Judge Homer is hereby adopted in its entirety based upon the reasons set forth by the Magistrate Judge in his Report-Recommendation and after *de novo* review upon those additional reasons set forth herein and it is therefore

ORDERED that plaintiffs motions for an award of attorneys' fees and costs incurred both in the district court and on appeal are hereby GRANTED and plaintiffs are awarded total

---

[1]

Plaintiffs do not raise any additional specific or factual objections to the Report-Recommendation. Thus, the Court need not address the balance of the costs and disbursements identified by the Magistrate Judge as excessive or unreasonable.

attorneys fees and costs on these motions of $160,763.07 as follows:

1.    On plaintiffs' motion for attorneys' fees and costs incurred in the appeal,

plaintiffs are awarded $20,287.50 for attorneys fees and $7,851.54 for costs;

and

2.    On plaintiffs' motion for attorneys' fees and costs incurred in the district court,

plaintiffs are awarded $113,214.00 for attorneys fees and $19,410.03 for costs.

The balance of the fees and costs requested by plaintiffs' in the two applications

pending before the Court are DENIED.

IT IS SO ORDERED.

Dated: September 23, 2005
       Syracuse, New York

Norman A. Mordue
U.S. District Judge